## J. H. COATNEY v. STATE.

No. A-7447. Opinion Filed June 28, 1930.
Rehearing Denied Aug. 23, 1930.
(290 Pac. 420.)

L. M. Gensman, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county on a charge of having unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $500 and confinement in the county jail for 180 days.

The evidence of the state was that the officers, having a search warrant, searched the premises of the defendant and found 104 gallons of whisky in a room in the southeast corner of the house. Defendant contends that the following description in the affidavit and search warrant is insufficient:

"Dwelling house, out-buildings and premises, same being a two-story white house on the N. W. ¼ of section 25, twp. 2N., range 12W., being the first house south of the Bennett property, the same being the premises of Homer Coatney."

The evidence of the defendant was that the house was not a white house but a light yellow one. This description was sufficient to authorize the search of the defendant's premises. The defendant did not take the witness stand. The record is silent as to the service of the warrant, the officers testifying that they went to the premises, found the defendant there, exhibited the search warrant, and searched the premises; that the only comment the defendant made was to say that the warrant was no good. The presumption of law is that the officers did their duty and served the warrant. All the inferences to be drawn from the surrounding circumstances were that the warrant was served on the defendant. The defense is purely technical, based on the sole question of the insufficiency of the affidavit and search warrant, and is without merit. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.